**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 26-1397

—————

SAMUEL JACKSON; EINAT JACKSON,
                                        Appellants

v.

DIRECTOR U.S. CITIZENSHIP AND IMMIGRATION SERVICES;
SECRETARY U.S. DEPARTMENT OF HOMELAND SECURITY;
ATTORNEY GENERAL UNITED STATES OF AMERICA;
FIELD OFFICE DIRECTOR BUFFALO NEW YORK U.S. CITIZENSHIP
AND IMMIGRATION SERVICES; U.S. CITIZENSHIP AND IMMIGRATION
SERVICES; U.S. DEPARTMENT OF HOMELAND SECURITY;
U.S. DEPARTMENT OF JUSTICE

———————————————————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1:25-cv-00307)
District Judge:  Honorable Susan Paradise Baxter

———————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2026
Before:  KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed: July 7, 2026)

———————

OPINION[*]

———————

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellants Samuel Jackson, who is an American citizen, and Einat Jackson, his Canadian wife, , filed a petition for a writ of mandamus pursuant to 28 U.S.C. § 1361 in the District Court seeking to compel the United States Citizenship and Immigration Service (USCIS) to adjudicate Mrs. Jackson's "long pending" applications for lawful permanent residence (I-485) and employment authorization (I-765). They also claimed that the agency's failure to timely adjudicate Mrs. Jackson's applications amounted to a due process violation and constituted "unreasonable delay" under the Administrative Procedures Act, 5 U.S.C. § 551, et seq. (APA).

In a "Statement of Facts" attached to the complaint, Mrs. Jackson alleged that she had filed a Form I-485 in May 2019, but USCIS had denied it on the grounds that she had not submitted her birth certificate and because a visa had not been issued. According to Mrs. Jackson, however, if she was required to provide a birth certificate, the agency was obligated under 8 C.F.R. § 103.2(b)(8) to issue a Request For Evidence before denying the I-485. She further argued that, as a Canadian citizen, she was visa-exempt under 8 C.F.R. § 12.1(a).

Appellants also moved for a preliminary injunction, arguing that the prolonged delay in adjudicating Mrs. Jackson's I-485 and I-765 had caused ongoing loss of work eligibility and time-limited education benefits. They added that the delay was due in part to USCIS having issued Mrs. Jackson an "expired" Form I-94 ("Arrival/Departure

2

Record"), which was required to establish work eligibility. The Government opposed the motion.

The Government then moved to dismiss the petition as moot because USCIS had already processed and denied Mrs. Jackson's applications. In support of its motion, the Government submitted a declaration from USCIS officer N. Cycyk, who attested that all of Ms. Jackson's applications had been approved, denied, administratively closed, or rejected. Decl. ¶ 30, ECF No. 11-1. The Government also submitted the relevant immigration records, including its decisions denying Mrs. Jackson's I-485 application, Notice of Dec. 1–4, ECF No. 11-2, and I-765 application, Notice of Dec. 1–2, ECF No. 11-6. Appellants did not provide any evidence to the contrary.

The District Court agreed with the Government that the mandamus petition was moot and dismissed both the preliminary-injunction motion and the petition. Appellants appealed.[1]

We will affirm. First, to the extent that Appellants asked the District Court to compel USCIS to adjudicate applications that the agency had already denied, the District Court correctly concluded that the mandamus petition was moot. *See Blanciak v.*

---

[1] We have jurisdiction to review the District Court's judgment pursuant to 28 U.S.C. § 1291. Our review is plenary. *Harmon Cove Condo. Ass'n, Inc. v. Marsh*, 815 F.2d 949, 951 (3d Cir. 1987). We may affirm on any basis supported by the record. *See Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam). We do not address the District Court's ruling on the motion for a preliminary injunction because Appellants do not challenge it in their opening brief. *See M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist.*, 969 F.3d 120, 124 n.2 (3d Cir. 2020).

*Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996). Second, to the extent that Appellants attempted to assert an APA claim challenging the agency's decisions denying their applications due to "documentation issues," Br. 2, ECF No. 7, USCIS has the discretion to deny a benefit request "[i]f all required initial evidence is not submitted with the benefit request or does not demonstrate eligibility," *see* 8 C.F.R. § 103.2(b)(8)(ii), and federal courts lack jurisdiction to review factual findings and eligibility determinations that are part of discretionary-relief proceedings, *see Patel v. Garland*, 596 U.S. 328, 347 (2022); *Geda v. Dir. United States Citizenship & Immigr. Servs.*, 126 F.4th 835, 847 (3d Cir. 2025).

Accordingly, we will affirm the District Court's judgment.